AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 5:23-mj-259 (DJS) |
| LESHAWN THOMAS | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY - 4 2023
AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of April 28, 2023 in the county of Oneida in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & (b)(1)(B) | Possession with Intent to Distribute |

This criminal complaint is based on these facts:
See attached sheet.

☒ Continued on the attached sheet.

_____
Complainant's signature
Herbert D. Hall, DEA TFO
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: May 4, 2023

_____
Judge's signature

City and State: Albany, NY        Hon. Daniel J. Stewart, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Herbert D. Hall, being first duly sworn, hereby depose and state as follows:

INTRODUCTION

1. This affidavit is made in support of a criminal complaint charging LESHAWN THOMAS with violating 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute a Controlled Substance).

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510 (7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code. I am currently employed as an Investigator with the Saratoga County (NY) Sheriff's Office ("SCSO"), located in Ballston Spa, New York. I am assigned to the SCSO Narcotics Unit. Furthermore, I am assigned to the Drug Enforcement Administration ("DEA") Capital District Drug Enforcement Task Force ("CDDETF") located in Latham, New York. I have been employed by the SCSO since July of 1998 and was promoted to Investigator in December of 2005. In January of 2012, I was assigned to the SCSO Narcotics Unit and assigned to the DEA CDDETF in September of 2015.

3. During my career in law enforcement, I have taken part in hundreds of narcotics and gang-related investigations and numerous narcotics, gang and conspiracy-related training classes instructed by local, state and federal agencies. I have arrested hundreds of individuals for violations of federal and state narcotics laws. I have participated in the execution of in excess of one hundred search warrants resulting in the seizure of narcotics and proceeds thereof. I have also attended several schools and seminars, including those given by the DEA, New York/New Jersey

High Intensity Drug Trafficking Area program ("HIDTA") and other agencies of which concern the enforcement of the laws prohibiting the trafficking of narcotics, guns and money laundering, as well as the packaging and concealment of narcotics. Because of these experiences, I am familiar with the coded language, conduct, and customs of people engaged in conspiracies to violate the drug, gun, and money laundering laws of New York and the United States.

4. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of telephones, instant messaging applications, and social media. I am familiar with drug traffickers using numerical codes, code words, secretive messages, and photos to conduct their transactions. I have conducted and participated in investigation focused on the trafficking and distribution of, but not limited to, marijuana, cocaine, crack cocaine (cocaine base), methamphetamine, heroin, fentanyl, and diverted prescription pills.

5. The facts in this affidavit come from my personal observations and investigation, information and reports received as well as discussion with other law enforcement officers and agents and my training and experience.

6. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that THOMAS has committed a violation of 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute a Controlled Substance).

**PROBABLE CAUSE**

7. In or about March 2009, THOMAS was convicted under New York Penal Law §§ 265.03(3) (Criminal Possession of a Weapon in the Second Degree-Loaded Firearm) and

160.15(4) (Robbery in the First Degree – Displays What Appears to be a Firearm). THOMAS was sentenced to fifteen (15) years in prison, to be followed by five years of post-release supervision. Thomas was received by parole on or about November 24, 2021 with a maximum supervision date of on or about November 16, 2023. One of THOMAS'S conditions of release was that he would permit his Parole Officer to visit him at his residence and permit the search and inspection of his person, residence, and property.

8. On or about April 28, 2023, at approximately 9:00 a.m., New York State Parole Officers ("Parole Officers" or "Parole Officer") conducted a search of THOMAS'S parole-approved residence, which is located at an address known to your affiant in Clayville, New York ("residence"), in the Northern District of New York. THOMAS was present, along with his wife and infant child. Upon searching THOMAS'S bedroom, Parole Officers recovered keys to the following vehicles, which were parked outside the residence: a red Mazda ("Mazda") and a black Honda Accord ("Honda"). The Mazda is a rental car that was rented in THOMAS'S name. The Honda is registered to THOMAS.

9. Upon searching the Mazda, two loaded handguns were recovered from the console. When searching the Honda, a bookbag was found in the trunk. Upon unzipping the bookbag, the following items were discovered: five clear plastic bags containing a white-in-color rock and powder substance consistent with cocaine; seven bundles of various money denominations rubber-banded together; and three vacuum-sealed packages, two of which were inside a shopping bag. A TruNarc Scan indicated that the white-in-color rock and powder substance tested positive for cocaine base, with an approximate weight of 292 grams. A TruNarc Scan indicated that the three vacuum-sealed packages tested positive for cocaine, with an approximate aggregate weight of 3.4

kilograms. Based on my training and experience, I know this quantity of cocaine is indicative of drug trafficking and not for personal use.

## CONCLUSION

10.    I respectfully submit that this affidavit supports probable cause for a criminal complaint charging THOMAS with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Attest to by the affiant

TFO Herbert D. Hall
Drug Enforcement Administration

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on May __4/__, 2023 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Daniel J. Stewart
United States Magistrate Judge